IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| OTIS MICHAEL BRIDGEFORTH, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 10-976-GMS ) |
| DELAWARE TECHNICAL AND COMMUNITY COLLEGE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), an inmate at the Howard R. Young Correctional Center, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 on November 12, 2010.[1] (D.I. 2.) Bridgeforth was not incarcerated at the time he filed the complaint. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Bridgeforth used a form to file his complaint. He alleges discrimination based upon sex and age pursuant to 42 U.S.C. § 1983 and marked a box that the defendants discriminated against him based upon sex. He states that the alleged discriminatory act occurred on January 10, 2008, and is continuing. (D.I. 2.)

In the body of the complaint Bridgeforth alleges that, on and after January 10, 2008, the defendants, all of whom are employed by the Delaware Technical and Community College ("Del

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Tech") conspired to violate his constitutional rights. More particularly, he alleges the defendants met and agreed to alter his college transcript and, in turn, this caused Delaware State University to deny him admittance in 2010. He further alleges that a Pell Grant awarded to him in 2007 was rescinded and he now owes Del Tech monies for courses and books that were paid by the federal government through his 2007 financial aid award. A hold has been placed on Bridgeforth's transcript. Finally, he alleges that his grade point average is lower than it should be because the defendants removed his original grades from the 2003-2004 Spring semester and replaced then with a "U" which decreased his grade point average. Bridgeforth seeks compensatory damages and injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a

"plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Statute of Limitations

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published).

The complaint was filed on November 12, 2010. Any acts that occurred prior to November 12, 2008 are barred by the two-year limitation period. The only specific date referred to is January 10, 2008, when Bridgeforth alleges that the defendants began violating his constitutional rights. For the above reasons, the court will dismiss all claims that occurred prior to November 12, 2008 as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Pleading Deficiencies

Bridgeforth filed his complaint pursuant to 42 U.S.C. § 1983 alleging discrimination. The allegations, however, are conclusory. For example, Bridgeforth checked boxes on a form, with no other supporting facts.

With regard to age discrimination, typically such a claim is brought under the Age Discrimination in Employment Act. 29 U.S.C. §§ 621-634. Bridgeforth's claim of age discrimination fails for two reasons. First, employment is not an issue and, second, he is under the age of forty having graduated from high school in 2001. (D.I. 2, ex.); *See Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (to state a claim for age discrimination, the plaintiff must allege that he is over the age of forty).

His sex discrimination claim raised under § 1983 appears to be an equal protection claim, or it may be that Bridgeforth is attempting to state a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, or under Title VI of the Civil Rights Act of 1964, 42

U.S.C. § 2000d. Title IX provides, in pertinent part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ." 20 U.S.C. § 1681. Similarly, Title VI prevents discrimination based on race, color, or national origin by any program or activity receiving Federal financial assistance. *See* 42 U.S.C. § 2000d. However, Bridgeforth has not stated any facts to support his claim, nor has he alleged upon what basis he was discriminated against. He merely makes conclusory statements that he was discriminated against based upon his race. Bridgeforth's other allegations contain no reference to sex discrimination. Rather, they speak to monies he owes to Del Tech.

Bridgeforth also attempts to raise a conspiracy claim. It is well settled that conspiracy claims must be pled with some degree of specificity: "[Plaintiff] must allege specific facts that the Defendants reached an understanding or agreement to violate the [Plaintiff's] constitutional rights." *Conroy v. City of Philadelphia*, 421 F. Supp. 2d 879, 888 (E.D. Pa. 2006). For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor,* 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd,* 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir. 1999)). *See also Parkway Garage, Inc. v. City of Phila .,* 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); *Kelley v. Myler,* 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist). The complaint does not contain sufficient allegations to indicate that Bridgeforth's constitutional rights were violated, when or where the

defendants met to agree, or which of the defendants participated in the alleged conspiracy.

The allegations provide insufficient detail to support an entitlement to a claim for relief and fail to meet the pleading requirements of *Iqbal*. Because the complaint does not does not meet the pleading requirements of *Iqbal*, the court will dismiss the complaint. However, since it appears plausible that Bridgeforth may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Bridgeforth will be given leave to file an amended complaint.

An appropriate order will be entered.

_Feb 24_, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-976-GMS |
| | ) |
| DELAWARE TECHNICAL AND | ) |
| COMMUNITY COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 28th day of Feb., 2011, for the reasons set forth in the Memorandum issued this date, it is hereby ordered that:

1. The complaint is **dismissed** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The plaintiff is given leave to **amend** the complaint. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be **closed**.

_____
CHIEF UNITED STATES DISTRICT JUDGE