IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OTIS MICHAEL BRIDGEFORTH,          )
                                   )
              Plaintiff,           )
                                   )
       v.                          ) Civ. Action No. 10-976-GMS
                                   )
DELAWARE TECHNICAL AND             )
COMMUNITY COLLEGE, et al.,         )
                                   )
              Defendants.          )

## MEMORANDUM

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), an inmate at the Rensselaer

County Jail, Troy, New York, filed this lawsuit pursuant to 42 U.S.C. § 1983 on November 12,

2010.[1] (D.I. 2.) Bridgeforth was not incarcerated at the time he filed the complaint. He appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 4.) The court reviewed and screened the complaint pursuant to 28 U.S.C. § 1915, dismissed

the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(b), and gave Bridgeforth leave to amend. (D.I. 11.) He filed an amended complaint

on March 24, 2011. (D.I. 12.) The court proceeds to review and screen the amended complaint

pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Bridgeforth alleges sex, age, race, and color discrimination pursuant to 42 U.S.C. § 1983.

Bridgeforth's combined cause #1 consists of "anti-trust, mental anguish, and age-sex

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

discrimination under the Eighth Amendment; a cause under Title VI of the Civil Rights Act of 1964; and due process-fraud under the Fourteenth Amendment." Bridgeforth alleges that, during a time on November 12, 2008, the defendants Orlando J. George ("George"), Kathern R. Friel ("Friel"), Delaware Technical and Community College ("DTCC") Financial Aid Processing Office ("Financial Aid"), and Dr. Mary Chen ("Dr. Chen"), "conspired to deprive" and discriminate against Bridgeforth based upon his race and color. Bridgeforth alleges the discrimination, based upon race and skin color and youthful age, was the reason for biased and deceitful unconstitutional actions. (D.I. 12 at Combined Cause #1, ¶ 1.)

Bridgeforth alleges that during the 2007 Summer Session, Financial Aid "covered up" a Pell Grant awarded him. Bridgeforth had received federal monies for the 2007 Spring Semester when he attended Hudson Valley Community College ("Hudson Valley"). Bridgeforth did not attended Hudson Valley during the 2006-2007 school year and alleges that the remaining federal monies were awarded at DTCC's 2007 Summer Session. Bridgeforth registered for an on-line course for 2007 Summer Session that was paid for by a federal assistance program, but at the beginning of the class his instructor began to unfairly score his class assignments. Bridgeforth withdrew from the class after the official withdraw period and received an "unofficial withdraw." Bridgeforth alleges that the defendants added and removed a telecourse session, erased the online course, covered up the already federally funded costs, and rescinded fees applied for the costs of books and class after DTCC "stole the monies." (*Id.*)

In addition, Bridgeforth alleges the defendants altered his grade point average to appear lower than it was and, in full agreement, decided to allow Hayes to alter his college transcript. Bridgeforth claims financial hardship as a result of the above activity and alleges that said acts

-2-

resulted in his denial of admission into the Delaware State University in February 2010. In addition, Bridgeforth alleges said acts resulted in emotional anguish. Bridgeforth seeks damages in the sum of five million dollars. (*Id.* at ¶¶ 1-4.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.

-3-

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  *Id.*  The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Id.* at 210-11.  Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[2] *Id.* at 211.  In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Statute of Limitations

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published).

The court previously dismissed all claims that occurred prior to November 12, 2008 as time-barred. In an effort to avoid the statute of limitations issue, Bridgeforth now alleges that "on November 12, 2008, in accordance with a January 10, 2008 issue, occurring at the DTCC . .

., the plaintiff suffered hardships due to the defendants' unconstitutional activities." (D.I. 12 at Plausibility.) This conclusory statement, however, does not remedy the limitation issue. Indeed, virtually all the allegations surround the time period of the 2007 Summer Session. As this court previously noted, the complaint was filed on November 12, 2010 and any acts that occurred prior to November 12, 2008 are barred by the two-year limitation period. For the above reasons, the court will dismiss the complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Pleading Deficiencies

In addition, the amended complaint did not cure the pleading deficiencies previously discussed by the court in its February 28, 2011 order. (*See* D.I. 11.) All allegations related to age, sex, race, and color discrimination are conclusory, as is the conspiracy claim. As with the original complaint, the allegations provide insufficient detail to support an entitlement to a claim for relief and fail to meet the pleading requirements of *Iqbal* and *Twombly*.

Bridgeforth was given an opportunity to cure his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B). Amendment of the complaint is futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 20 , 2011
Wilmington, Delaware